# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

WENDELL L. McPHERSON,

        Petitioner,

    v.                                 Case No. 13-C-1045

WILLIAM POLLARD,

        Respondent.

## ORDER GRANTING [10] RESPONDENT'S MOTION TO DISMISS

Petitioner Wendell McPherson, an inmate at the Waupun Correctional Institution (WCI), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 16, 2013. Petitioner asserts four grounds for relief: (1) insufficiency of evidence, (2) abuse of judicial discretion, (3) prosecutorial misconduct, and (4) ineffective assistance of counsel. Respondent moves to dismiss on the ground that McPherson's petition is time-barred. For the reasons stated below, Respondent's motion will be granted.

McPherson was charged with having shot and killed Nancy and Meghan Mason as he tried to escape from an aborted attempt to rob a credit union in Racine, Wisconsin, on October 11, 2004. On July 7, 2006, McPherson was convicted of six counts: two counts of first-degree intentional homicide–use of a dangerous weapon; armed robbery–use of force; first degree recklessly endangering safety-use of a dangerous weapon; hit and run; and possession of a firearm by a felon. He was sentenced to consecutive terms of life imprisonment without the possibility of extended supervision on the homicide counts and to consecutive sentences totaling almost 49 years on the remaining counts.

The Anti-terrorism and Effective Death Penalty Act (AEDPA) of 1996 created a statute of limitations for state prisoners seeking federal habeas corpus relief under 28 U.S.C. § 2254. A state prisoner seeking federal relief under 28 U.S.C. § 2254 must generally file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," excluding the time that any "properly filed" petition for state post-conviction or other collateral relief is pending. 28 U.S.C. §§ 2244(d)(1)(A), (d)(2). If the petitioner does not seek direct review of his criminal conviction in the U.S. Supreme Court, then the statute of limitations imposed by section 2244(d)(1)(A) begins to run when "all direct criminal appeals in the state system are concluded, followed by the expiration of the time [90 days] allotted for filing a petition for writ." *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it is evident from the record of McPherson's state court proceedings that he did not file his petition within the statutorily mandated one-year period under § 2244(d)(1)(A). In McPherson's direct appeal to the Wisconsin Court of Appeals, McPherson's attorney initially filed a no-merit report. The court of appeals ordered the attorney to supplement the record on several occasions, but on December 9, 2009, the court accepted the attorney's no-merit report and summarily affirmed the judgment of conviction. (ECF No. 11-2.) On April 19, 2010, the Wisconsin Supreme Court denied McPherson's petition for review. (ECF No. 11-3.) McPherson did not file a petition for certiorari in the U.S. Supreme Court, and the time to file such a petition expired on July 19, 2010 (the end of the 90-day period was Sunday, July 18; the deadline rolled forward to Monday, July 19). McPherson's one-year statute of limitations period therefore began to run on July 20, 2010. On April 15, 2011, after 269 days had passed, McPherson filed a petition for post-conviction relief in the court of appeals pursuant to *State v. Knight*, 168 Wis.2d 509, 484

2

N.W.2d 540 (1992). The court of appeals denied the petition on March 28, 2012. (ECF No. 11-5.) On September 17, 2012, the Wisconsin Supreme Court denied review, and McPherson's statute of limitations began to run again the following day. Accordingly, McPherson had 96 days remaining to file his federal habeas petition, which expired on December 24, 2012 (the end of the 365-day period was Saturday, December 22; the deadline rolled forward to Monday, December 24). McPherson did not file his federal habeas petition until September 16, 2013, making his petition untimely.

McPherson argues, however, that he was prevented from timely filing his petition because in 2012, he was routinely summoned to appear in a guardianship matter in Milwaukee County Circuit Court. Under 28 U.S.C. § 2244(d)(1)(B), the start date of the one-year statute of limitations period is tolled if the State creates an impediment to filing the petition: "The limitation period shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *See, e.g.*, *Moore v. Battaglia*, 476 F.3d 504, 506–07 (7th Cir. 2007) (remanding and directing district court to determine whether allegedly inadequate prison library constituted a State-created impediment for purposes of § 2244(d)(1)(B)).

McPherson contends that in 2012 he was transferred back and forth between WCI and the Milwaukee County Jail (MCJ) and that while at MCJ, he was not allowed to bring his legal work with him. McPherson attached to his brief the summonses for hearings scheduled to take place at the Milwaukee County Juvenile Justice Center on April 5, 2012, and June 12, 2013. In addition, McPherson provided an inmate property receipt from MCJ dated July 16, 2012, which indicates that miscellaneous paperwork was placed in inventory on that date. He also attached property receipts

from April 4, 2012, and September 24, 2012, but those receipts do not reference paperwork. (ECF No. 13.) The documents submitted by McPherson do not show that MCJ prevented him from accessing the courts or filing his federal habeas petition. Even if McPherson was in fact separated from his legal work during his transfers to MCJ and had his paperwork "confiscated" on July 16, 2012, he has failed to satisfy the requirements of § 2244(d)(1)(B).

First, for § 2244(d)(1)(B) to apply, MCJ must have impeded McPherson's ability to file a petition by taking an unconstitutional or otherwise illegal action. In other words, MCJ's actions must have been sufficiently severe as to deny McPherson's right of meaningful access to the courts, as recognized in *Bounds v. Smith*, 430 U.S. 817, 824 (1977). *See, e.g.*, *Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003) (finding that maintaining a prison library without a copy of the AEDPA violated a prisoner's constitutional right to access to the courts and therefore constituted an impediment under § 2244(d)(1)(B)). McPherson does not indicate the duration of his transfers or the amount of time he was allegedly separated from his legal work, but it appears that he only traveled to MCJ to attend periodic guardianship hearings and returned to WCI after each hearing. Even if McPherson is correct that MCJ confiscated his paperwork while he stayed at MCJ on July 16, 2012, he has not demonstrated that MCJ's actions were unconstitutional or illegal. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) ("temporary confiscation of documents does not show, without more, 'a constitutionally significant deprivation of meaningful access to the courts.'") (internal quotation omitted). In short, this kind of state action does not trigger § 2244(d)(1)(B).

In addition, the record demonstrates that McPherson was diligently working on other legal claims in 2012. McPherson acknowledges that the transfers to and from MCJ did not prevent him from pursuing relief related to the *Knight* petition he filed on April 15, 2011. In fact, McPherson

claims that he "never missed or failed to file a motion to the courts as the [Wisconsin Supreme Court and Court of Appeals Case Access] Case History clearly shows . . . ." (Petr's Resp. Br. at 2, ECF No. 13.) Consistent with this statement, the record indicates that after the Wisconsin Court of Appeals denied his *Knight* petition on March 28, 2012, McPherson filed a timely but nonconforming petition for review to the Wisconsin Supreme Court on April 26, 2012, a motion to proceed *in forma pauperis* on April 30, 2012, additional indigency forms on May 16, 2012, and a conforming petition for review to the Wisconsin Supreme Court on May 31, 2012. (ECF No. 11-7.) Thus, McPherson's claim that MCJ prevented him from accessing his legal work in 2012 lacks support in the record, and he is not entitled to statutory tolling under § 2244(d)(1)(B).

Finally, the court will examine whether McPherson is entitled to equitable tolling. A court may equitably toll the statute of limitations for a petitioner who shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way preventing timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is an extraordinary remedy and thus "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008)). The petitioner seeking equitable tolling bears the burden of establishing that it is warranted. *Williams v. Buss,* 538 F.3d 683, 685 (7th Cir. 2008).

The first consideration is the petitioner's diligence in pursuing his claims. A petitioner may be entitled to equitable tolling if "the [petitioner] could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Obriecht*, 727 F.3d at 750 (citing *Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001)). Here, McPherson does not claim he lacked the information he needed to file a timely

federal habeas petition by December 24, 2012, nor does he indicate when he started working on his federal petition.  After McPherson's one-year filing deadline passed, rather than file an untimely federal habeas petition, he continued to pursue relief in state court by filing a motion for post-conviction DNA testing on January 16, 2013.  This motion was denied on February 14, 2013, and the court of appeals denied his appeal on July 9, 2013.  (ECF No. 11-8.)  McPherson then waited another 69 days before filing his federal habeas petition.  Based on this record, the court finds that McPherson was not reasonably diligent in pursuing federal habeas relief.  The second consideration is whether an "extraordinary circumstance" prevented McPherson from filing a timely petition, but as discussed above, the court does not find that McPherson's transfers to MCJ impeded his access to the courts.  Since McPherson offers no other explanation for his failure to file in a timely manner, equitable tolling is not warranted.

Accordingly, for the reasons stated above, Respondent's motion to dismiss will be granted and McPherson's habeas petition will be dismissed as time-barred.  The Clerk is directed to enter judgment accordingly.  A certificate of appealability will not issue.

**SO ORDERED** this ___2nd___ day of April, 2014.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court